*CHARBONNET vs. TOLEDANO.*

APPEAL FROM THE COURT OF THE PARISH AND CITY
OF NEW-ORLEANS.

The sole intention of the legislature in the article 3128, was to dispense with the service of the act of pledge required by the preceding article, in case of paper not negotiable.

This suit was brought to recover from the defendant a note of the plaintiff's which the latter had intrusted to Chauveau, a broker, to get discounted. It appeared from the evidence that Chauveau died suddenly, with the note in his possession, which was afterwards delivered to the defendant by Chauveau's widow. The defendant offered in evidence a

book of Chauveau's (and in the handwriting of the latter) by which it appeared that the note in question had been discounted by the defendant: and it was further shown that the defendant was in possession of the note previous to Chauveau's death; but there being some informality in it, it was returned to Chauveau, to get a new one from the plaintiff. There was a verdict, and judgment for the plaintiff; and the defendant appealed.

*Canon* for appellant.

*De Armas* for appellee.

*Martin, J.* delivered the opinion of the court.

The defendant and appellant complains of the judgment which decrees him to surrender the plaintiff's note, pledged to the defendant by the plaintiff's broker, who had received it to raise money upon; the pledge or pawn being for a debt of the broker, and was by an act *sous seing privé*, which was never recorded.

The Civil Code, 3123, provides that a debtor who wishes to pawn a claim, must make a transfer of it, *in the act* of pledge, and deliver to the creditor the note or obligation which is the evidence of it, and endorse it if it be negotiable.

The article 3127 provides that where the note is not negotiable, a copy of the act of pledge shall be served on the debtor of the note or obligation given in pledge.

The following article provides that, "on the other hand, this notification of the act of pledge to the person owning the debt pledged, shall not be necessary if the debt be evidenced by a note, or obligation payable to the bearer, or to order; because, in that case, it shall suffice that the note or obligation be endorsed by the person pledging it, to enjoy the privilege above mentioned: i. e. a privilege against third parties.

The 3125th requires a notarial act, or one *sous seing privé* duly recorded, to enable the pledgee to avail himself of his right, against third persons, in all cases.

Eastern District,
May 1831.

CHARBONNET
vs
TOLEDANO.

The sole intention of the legislature by the article 3128, was to dispense with the service of the act of pledge required by the preceding article in case of paper not negotiable

We think the Parish Court did not err. The sole intention of the Legislature, in the article 3128th, was to dispense with the service of the act of pledge on the *debtor of the debt pledged,* (required by the preceding article in case of paper not negotiable), where the note pledged was payable to bearer or order: i. e. negotiable. The service of the act of pledge, in case of paper not negotiable, was to prevent the debtor from paying it to the original creditor, the pledgors— a caution unnecessary in the case of negotiable paper, which the maker knows he cannot safely pay to any but the holder.

Notwithstanding the endorsement of the pledgor, the law requires an act of sale, for the security of the other creditor of the pledgor.

It is therefore ordered, adjudged, and decreed, that the judgment of the Parish Court be affirmed, with costs in both courts.